**ORIGINAL**

# In the United States Court of Federal Claims
(Pro Se)

|                                          |   |
|------------------------------------------|---|
| NICOLL STEWART,                          ) No. 17-1145C
|                                          ) (Filed: September 18, 2017)
| Plaintiff,                               )
|                                          )
| v.                                       )
|                                          )
| THE UNITED STATES OF AMERICA,            )
|                                          )
| Defendant.                               )

**FILED**

SEP 18 2017

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On August 24, 2017, Plaintiff Nicoll Stewart, proceeding pro se, submitted a letter to the court which the Clerk deemed a complaint. See Docket No. 1. Ms. Stewart submitted her complaint without paying the required filing fees or completing an application to proceed in forma pauperis. On August 30, 2017, the Court ordered Ms. Stewart to either pay the filing fee or submit an application to proceed in forma pauperis within thirty days. Order, Docket No. 5. On September 11, 2017, Ms. Stewart filed an application to proceed in forma pauperis. Docket No. 7.

Pursuant to 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."[1] A plaintiff does not have to "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours, 335 U.S. 331, 339 (1948). An affidavit that demonstrates that a plaintiff is unable to pay the fee or give security therefor and still provide for himself and any dependents is sufficient. See id.; see also Waltner v. United States, 93 Fed. Cl. 139, 142–43 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff" (internal quotation omitted)).

Here, Ms. Stewart states in her affidavit that she earns approximately $1,200 per month as a small business owner. Docket No. 7. She asserts that she has not received any other money from any other sources in the last twelve months, that she does not have any money in a checking or savings account, and that she does not own any automobiles, real estate, or other similar valuable property. Id.

---

[1] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

7017 1450 0000 1346 2731

Ms. Stewart's asserted monthly income equates to an annual income of $14,400. That amount is barely above the 2017 federal poverty level for an individual of $12,060. Federal Poverty Level (FPL), HealthCare.gov, https://www.healthcare.gov/glossary/federal-poverty-level-FPL/ (last visited Sept. 15, 2017); Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007) (granting application to proceed in forma pauperis where, among other things, plaintiff's "annual income level [was] below the government established poverty line"). Accordingly, based on this and the other statements in Ms. Stewart's affidavit, the Court concludes that Ms. Stewart has sufficiently demonstrated that she is unable to pay the court's pre-filing fees. Her application to proceed in forma pauperis is therefore **GRANTED**.

The Court, however, has an obligation to satisfy itself of its jurisdiction and may raise subject matter jurisdiction sua sponte at any time. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also Rule 12(h)(3) of the Rules of the Court of Federal Claims (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In determining subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. See Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements" (internal quotation and citation omitted)). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 (stating "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

Here, Ms. Stewart first asserts in her complaint that she is "submitting a Federal claim" because she has "reasons to believe [she is] living under Government surveillance." Compl. at 1. But the majority of her complaint makes allegations against an unspecified Department of Child

Services. See, e.g., id. Ms. Stewart asserts that this Department of Child Services has "violated [her] parental rights" and is keeping her away from her children. Id. She appears to assert that the department has terminated her parental rights without any basis. See id. at 3. Ms. Stewart also alleges that her court-appointed attorneys in proceedings with the department are not adequately representing her. Id. at 2. She states in her complaint that the department has caused damages in the form of "family separation, suffering, humiliation, homelessness, failure to comply with safety procedures, and threat of lo[]sing parental rights." Id. at 4. Ms. Stewart also alleges that the federal government is separately responsible for causing damages relating to "child support debt, drivers [sic] license privileges, homelessness, lost [sic] of equal employment opportunity, and identity ex[]posure." Id.

It is thus clear from the face of Ms. Stewart's complaint that the Court lacks subject matter jurisdiction. The United States is the only proper defendant in the Court of Federal Claims and the Court does not have jurisdiction over any other defendants. See United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Del Rio v. United States, 87 Fed. Cl. 536, 539 (2009). Ms. Stewart's complaint, however, is targeted at private individuals and state and local government actors such as the unidentified Department of Child Services. These claims, against parties other than the United States, are **DISMISSED**.

Further, there is no discernible allegation against the federal government. At most, without any explanation or allegation of wrongdoing, but seemingly stemming from Ms. Stewart's child custody and child support disputes, Ms. Stewart asserts that the federal government has caused damages in the form of "child support debt, drivers [sic] license privileges, homelessness, lost [sic] of equal employment opportunity, and identity ex[]posure." Compl. at 4. Child custody disputes, however, are not within the jurisdiction of the Court of Federal Claims because they do not seek money damages from the United States. See Testa v. United States, 52 F.3d 343 (Table), 1995 WL 138970, at *1–*2 (Fed. Cir. Mar. 21, 1995); Del Rio v. United States, No. 10-43C, 2010 WL 2300538, at *1–*2 (Fed. Cl. June 7, 2010).

For these reasons, the Court lacks subject matter jurisdiction over Ms. Stewart's complaint, as she does not make any allegations against the federal government and fails to identify any substantive source of law providing a right to money damages from the United States. Ms. Stewart's complaint, therefore, is **DISMISSED** without prejudice for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly. Each side shall bear its own costs.[2]

---

[2] On August 28, 2017, the Court received another letter from Ms. Stewart, addressed to a superior court in Indiana and entitled an "Objection Notice." This letter failed to comply with multiple rules for filings in this court. Because of that failing, and because the Court lacks jurisdiction over Ms. Stewart's complaint, the Court directs the Clerk's office to return the letter to Ms. Stewart unfiled.

IT IS SO ORDERED.

_____
ELAINE D. KAPLAN
Judge